UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J.A. O.S.,

Petitioner,

v.

MINGA WOFFORD, et al.,

Respondents.

Case No. 1:26-cv-02102 DC-CSK

FINDINGS AND RECOMMENDATIONS

Petitioner J.A. O.S.,[1] a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner argues that his detention without a hearing violates the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), his procedural due process rights under the Fifth Amendment, and his right to relief under Maldonado Bautista v. Santacruz, No. 5:25-cv-1873, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). (Id. (claims one through four).) On March 19, 2026, the district court granted petitioner's motion for a preliminary injunction and ordered petitioner's immediate release. (ECF No.10.) For the following reasons, this Court recommends that the petition be granted.

///

[1] The Court granted petitioner's motion to proceed under a pseudonym. (ECF Nos. 3, 11.)

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## II. DISCUSSION[2]

On March 16, 2026, petitioner filed a habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On March 16, 2026, the district court stated that it has previously addressed the issues raised in the petition in Alvarez Maciel v. Noem, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026), and Barajas Ortiz v. Chestnut, No. 1:26-cv-01167-DC-SCR, Doc. No. 11 (E.D. Cal. Feb. 24, 2026). (ECF No. 5.) The district court

---

[2] The factual and procedural background previously presented in the district judge's order is incorporated herein. (See ECF No. 10.)

directed respondents to respond to the motion and substantively address whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders identified. (Id.) On March 19, 2026, respondents filed an opposition to the motion for a temporary restraining order and a motion to dismiss. (ECF No. 9.) In the opposition, respondents acknowledged that there are no factual or legal issues that materially distinguish this case from the cases identified by the district court, but argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b)(2). (ECF No. 9 at 1-2.) On March 19, 2026, the district court noted respondents' acknowledgment that there are no factual or legal issues in this case that render this case distinct from the cases cited in the March 16, 2026 order, converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction where respondents did not oppose such a conversion, and granted the injunction. (ECF No. 10.) The district ordered petitioner's immediate release and ordered that "should Respondents attempt to re-detain Petitioner, they shall provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety." (Id.) The district court noted that its order "does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal." (Id.) The district court referred this action to the assigned magistrate judge for further proceedings. (Id.) On March 25, 2026, in response to this Court's order regarding briefing on the motion to dismiss, petitioner filed an opposition. (ECF No. 14.) Respondents did not file a reply, and briefing is closed. (See Docket.)

After the petition was fully briefed, the Ninth Circuit decided Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. Therefore, respondents' argument that petitioner is an "applicant for admission" subject to § 1225(b)(2) fails.

Given Rodriguez Vazquez and where the record before the district court has not changed

since the district court's ruling granting a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner was subject to § 1226(a), not § 1225(b)(2) as respondents argued (claim one). See Rodriguez Vazquez, 183 F.4th 1160; ECF No. 10. Because the resolution of claim one provide the relief requested, the Court need not reach the remaining claims. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025). In summary, the Court recommends that the petition for writ of habeas corpus be granted on petitioner's statutory claim (claim one). This Court further recommends that a permanent injunction be issued on similar terms as the preliminary injunction.

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondents' motion to dismiss (ECF No. 9) be DENIED.
3. A permanent injunction be issued on the following terms: should respondents attempt to re-detain petitioner J.A. O.S., they shall provide him with a constitutionally adequate bond hearing that follows governing regulations. Petitioner shall be allowed to have his counsel present at any such hearing. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 26, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/jaos.2102.26.frs